DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas that granted summary judgment in favor of appellees. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"Assignment of Error No. 1:
 The decision of the trial court is against the manifest weight of the evidence which lead [sic] to an incorrect legal standard being applied."
Appellant's sister died in an automobile accident on December 6, 1998. Appellant, who was not involved in the accident in any way, asserted in the trial court that the accident was caused by an underinsured motorist. At the time of the accident, appellant was employed by appellee Oglebay Norton Marine Services Co. ("Oglebay"), which held a commercial automobile insurance policy with appellee CNA Insurance Companies ("CNA"). Appellant filed suit against both Oglebay and CNA, claiming that he was an insured under the CNA policy and that the policy therefore provided uninsured/underinsured coverage to him with respect to the death of his sister. Appellees moved for summary judgment, and on July 11, 2001, the trial court granted appellees' motion. The trial court found that the accident did not occur while appellant was driving a covered vehicle and that appellant therefore was not covered at the time of his sister's accident.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant asserts that his damages arose from the use of a covered vehicle and that he is therefore entitled to coverage for his sister's accident and death.
Oglebay's policy with CNA provides in relevant part, "The following are `insureds': (a) You for any covered `auto.'" Endorsement CA99 33 12 93 states: "The following is added to the LIABILITY COVERAGE WHO IS AN INSURED provision: Any employee of yours is an `insured' while using acovered `auto' * * *." [Emphasis added.]
Appellant argues at length as to the policy's definition of a covered auto. This court finds that issue irrelevant, however, because it is clear from the language of the policy that appellant was not an insured since he was not using any automobile, covered or otherwise.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that there exists no genuine issue of material fact and, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that appellant was not an insured under his employer's policy at the time of his sister's death and that appellees are entitled to summary judgment as a matter of law. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
James R. Sherck, J., CONCURS AND WRITES SEPARATELY.